[Crim. No. 466.   Third Appellate District.—May 1, 1919.]

## THE PEOPLE, Respondent, v. JOSEPHINE GOODRICH, etc., et al., Appellants.

[1] CRIMINAL LAW — GRAND LARCENY — VERDICT — EVIDENCE.—In this prosecution for the crime of grand larceny the evidence was sufficient to sustain the verdict of the jury.

[2] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DENIAL OF MOTION—APPEAL—INSUFFICIENT BRIEFS.—Where the appellants predicate error on the action of the trial court in denying their motion for a new trial on the ground of newly discovered evidence, but there is only a general reference in their briefs to the affidavits, the appellate court is justified in passing the matter by without investigation.

[3] ID.—UNIMPORTANT EVIDENCE—NO SHOWING OF DILIGENCE—DISREGARD OF AFFIDAVITS.—Where the affidavits offered in support of the motion for a new trial on the ground of newly discovered evidence are of slight, if any, importance, and it is not at all probable that if the affiants had so testified at the trial the result would have been different, and no showing of diligence whatever is made by the parties making the motion for a new trial, the court is justified in disregarding such affidavits.

APPEAL from a judgment of the Superior Court of San Joaquin County.   George F. Buck, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank E. Murphy and Wm. P. Toscano for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendants were convicted of the crime of grand larceny, and they appeal from the order denying their motion for a new trial.   [1]   The principal contention of appellants is that the evidence is insufficient to sustain the verdict.   We are satisfied, however, that the claim is without substantial merit.   After reading the record, we are convinced that not only does the evidence support the finding of the jury, but there is no reasonable doubt of the guilt of the defendants.

It appears without conflict that on September 28, 1918, about 4 P. M., one Song Won Sook, a Korean, was in the act of boarding a railroad train at Stockton, and while getting on the train a purse containing the sum of $61.50 was abstracted and stolen from his pocket. It is a reasonable inference that the theft was committed by the defendants and one Ervine Williams acting in concert and collusion. As to which one actually picked the Korean's pocket there is some uncertainty, but that the three were participants in the crime stands out clear enough. The prosecuting witness understood English quite imperfectly, and, testifying without an interpreter, his statements are not altogether consistent, some of them being even unintelligible, but, regarding and giving full credit to his testimony as a whole, the jury could scarcely doubt the guilt of the defendants. The following from the transcript will indicate the difficulty with which he expressed himself, and it also shows the actual participation in the crime of the three said parties: "Mr. Rendon: Q. These two take money out of your pocket? A. Yes, two, one more, three. Q. Who take him money out of your pocket, him, two or the other man or three or more or two, how many? A. That time my money. Q. Which one? A. Three. Q. Which one take him out of your pocket? A. That lady. Q. The lady? A. Yes, this lady and give him to him. Q. How know he take him out of your pocket, what for you know? A. [Witness shows.] Overcoat here, one man here, lady here, and one man here, take him this way, see? Q. How know he take him, you see him take him? A. No, I no see, I hear, no eye. Q. How you savvy [know]? A. I no see. One man here that side, nobody see him and she take him this way [shows]. Q. How know she take him, how you savvy? A. Oh, overcoat here hanging down, nobody see that side. Q. How you know him take him money too? A. I know him take him money. I look to see. Q. I see; you feel him right there? A. Yes, sure."

He also testified that there was no one except these three near him at the time of the theft and he details other circumstances that we need not repeat.

Mrs. Winnie Honnold testified that she was in the car which the Korean was entering; that she "was sitting there looking out of the window and I turned around and I saw like a crowd gathered there, and I went to look and see what

was going on and the next thing I saw was a purse looked like it was dropping and then the man put his hand under it and grabbed it and stuck it in his right-hand pocket, trouser pocket, and walked on out of the car; that man was Mr. Phillips, the defendant.''

In describing the position of the parties when the purse was taken, she said: ''The Korean was standing in the middle and one man in front of him and the lady [Mrs. Phillips] on the left-hand side and one man in the back,'' and that they were all right close to the Korean, and that she first saw the purse on the side where the lady stood, and that she saw Phillips catch it with his hand above the floor about the distance of the Korean's knees.

Many circumstances are related by various witnesses that tend to confirm the conclusion of the jury, but we shall do no more than to refer to them in a somewhat general way.

These defendants and said Williams were stopping for a time at the same place in Sacramento without visible means of support. It is true that Mrs. Phillips testified that they were canvassing for an atlas and that they were engaged in that business, but the record discloses certain facts that throw discredit upon her story. They went to Stockton together and put up at the same hotel, and here again the jury had a right to conclude that their visit was for no lawful purpose. They went to the depot together without any apparent reason. There is some pretense that their purpose was to inquire in reference to certain baggage belonging to them, but their subsequent conduct stamps that story as a mere subterfuge. While at the depot they saw the Korean purchase a ticket and replace his purse in his pocket. Defendant Phillips was seen talking suspiciously to his wife. The three arranged themselves in such position as to be able to accomplish the theft with the least difficulty and danger of detection. It is a fair inference that the three in entering the car had no other intention than to perpetrate the larceny. There is no evidence, indeed, that these defendants expected to become passengers, and the explanation of Mrs. Phillips as to why she entered the car is altogether too unreasonable for belief, and the jury undoubtedly rejected it as simulated. Williams testified that he intended to travel on the train, but it appears that he did not purchase a ticket, and there are other circumstances tending to discredit his statement. After

the larceny was committed Mrs. Phillips and Williams took a seat together, while Phillips hurriedly left the car and made his escape, although some time thereafter he was arrested. When the Korean charged Williams with the theft of his money the latter and Mrs. Phillips in a fine frenzy of assumed innocence denied the accusation, but significantly suggested that he had lost it and volunteered to assist him in the search for it. As evidence of a guilty conscience, it may be added that Mrs. Phillips denied that she had ever met Williams before, and she made other statements that she afterward contradicted.

Without further disquisition, we think it may be said that the record is surcharged with indubitable proof that these defendants were justly convicted, and one can hardly resist the conclusion that they are "professional crooks."

The only other point made by appellants is that the court should have granted their motion for a new trial on the ground of newly discovered evidence. All that is said by appellants in their briefs as to this is as follows: "The defendants' and appellants' motion for a new trial was based upon the fact that new evidence material to the defendants which could not with reasonable diligence have been discovered and produced at the trial, and affidavits (Clerk's Trans., pp. 29 and 30) were presented in support thereof. The affidavits, and motion for new trial are a part of the record and we believe any argument thereon is unnecessary. The facts as presented by the record, speak for themselves." [2] In view of such a general reference to the affidavits we would be justified in passing the matter by without investigation. [3] However, we have read the two affidavits, which were offered, and it is quite apparent that they are of slight, if any, importance, and it is not at all probable that if affiants had so testified at the trial the result would have been different. Besides, it may be added, that no showing of diligence whatever was made by appellants, and the court was, therefore, justified in disregarding said affidavits.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.